F. J. EBLING WOLFORT, Appellant, *v.* STANISLAS N. ORLOFF, Respondent.

First Department, December 20, 1932.

*Nathan Stieglitz* of counsel [*Harry H. Oshrin*, attorney], for the appellant.

*John J. Halpin* of counsel [*Joseph W. Kirkpatrick* with him on the brief; *Laughlin, Gerard, Bowers & Halpin*, attorneys], for the respondent.

SHERMAN, J. Defendant, an inventor, contracted in writing with one Halpin whereby, if Halpin paid to him $1,000,000, he would

acquire all rights in defendant's invention. Until such amount was paid, Halpin agreed to pay defendant $100 per week for his personal and private expenses and, upon default in making such weekly payments, defendant had the right to rescind the agreement.

Subsequently, plaintiff and defendant entered into a written agreement which recited the agreement between Halpin and defendant, acknowledged receipt by defendant of $3,000 from plaintiff and contained the promise of defendant to pay to plaintiff " one hundred thousand dollars from said Orloff and Halpin agreement, such payment to be made to F. J. Ebling-Wolfort in the same manner as and when realized by S. N. Orloff, it being specifically understood that at no time will S. N. Orloff sell said secret process for less than one million dollars."

This action turns upon the meaning of that ill-drawn agreement, for defendant has received from Halpin $11,925, and plaintiff claims to be entitled to one-tenth thereof, to wit, $1,192.50.

Upon trial, as a non-jury cause, the court dismissed the complaint, having taken oral evidence of the parties and concluded that the minds of the parties did not meet at all. That testimony is of virtually no aid in construing the writing. However badly expressed, it was a written contract and the manifest intent of the parties was to secure to plaintiff one-tenth of whatever sum was paid to defendant by Halpin. Nor was plaintiff, as is now urged, required to wait until the entire sum of $1,000,000 was received by defendant before he became entitled to any payment whatsoever from defendant. The agreement evidences no such intent.

The judgment appealed from should be reversed, with costs, and judgment directed in favor of plaintiff and against defendant in the sum of $1,192.50, with interest from March 14, 1932, and costs.

FINCH, P. J., MERRELL, MARTIN and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff and against the defendant in the sum of $1,192.50, with interest from March 14, 1932, and costs.